UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYRONE PUMPHREY,

          Plaintiff,

    v.

BRANDON BATTLES, et al.,

          Defendants.

Case No.  21-cv-09005-JSC


**ORDER RE: MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: Dkt. No. 31

      Defendants move for leave to file a motion for reconsideration of the Court's order granting in part and denying in part their motion to dismiss.  (Dkt. No. 31; *see* Dkt. No. 29.)[1] After carefully considering the motion, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-9(d), and DENIES the motion as explained below.

I.    **Reconsideration**

      Defendants base their motion on Civil Local Rule 7-9(b)(3), "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  Defendants challenge the Court's conclusion that the County, sued in Plaintiff's earlier-filed case, and the deputies, sued in the instant case, are not in privity for purposes of claim-splitting.  (*See* Dkt. No. 29 at 5–8.)  Defendants identify two cases not cited in their motion to dismiss or reply: *Elbert v. Carter*, 903 F.3d 779, 784 (8th Cir. 2018) and *Rumbo Perez v. Espinoza*, No. EDCV 19-2190 JGB (SPx), 2020 WL 2095804 (C.D. Cal. Jan. 21, 2020). As Defendants did not identify these cases in their motion to dismiss pleadings, they were *not* presented to the Court as is required by Local Rule 7-9(b)(3).  For this reason, alone, Defendants

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1  have not met their burden of justifying leave to file a motion for reconsideration.

2       In any event, these non-binding authorities do not persuade the Court to reconsider its

3  order.  In *Elbert*, the earlier-filed complaint named an individual officer as defendant, and the

4  later-filed complaint named additional officers "whom [plaintiff] asserts were co-perpetrators"

5  "act[ing] together to violate his rights."  903 F.3d at 784.  That is meaningfully different from the

6  scenario here, where Plaintiff named the County and now names individual deputies.  The critical

7  reason why this Court did not find privity or adequate representation was that the County and the

8  deputies are subject to different theories and scopes of liability.  (Dkt. No. 29 at 5–8.)  Thus,

9  *Elbert*'s holding that individual officers were in privity with another individual officer alleged to

10  be a co-perpetrator in the incident, 903 F.3d at 782–84, is no basis for reconsideration.  Even apart

11  from that factual distinction, this Court finds the dissent's reasoning more persuasive and

12  consistent with Supreme Court precedent.  903 F.3d at 784–86 (Kelly, J., concurring in part and

13  dissenting in part).

14       *Rumbo Perez* does mirror the scenario here.  2020 WL 2095804, at *1–2 (explaining that

15  plaintiff's earlier complaint against the County was dismissed with prejudice and his later

16  complaint named the individual officers who arrested him).  But the court's analysis relied on

17  virtual representation, *see id.* at *4, the theory of privity which the Supreme Court rejected in

18  *Taylor v. Sturgell*, 553 U.S. 880 (2008).  (*See* Dkt. No. 29 at 7.)  As part of its virtual

19  representation analysis, the *Rumbo Perez* court concluded that "[the officers] and the County—as

20  employees and employer—had an identity of relevant interests," in part because "the County's

21  liability was dependent on a finding of wrongdoing by [the officers]."  2020 WL 2095804, at *4.

22  This Court considered Defendants' arguments to that effect, but simply disagrees with *Rumbo

23  Perez*'s conclusion for the reasons explained in its original order.  *Accord Amie v. County of Los

24  Angeles*, No. CV 15-03134 DMG (PLAx), 2015 WL 13916084, at *5–6 (C.D. Cal. Nov. 2, 2015).

25       Apart from Defendants' newly cited authorities, the Ninth Circuit's recent opinion in

26  *Mendoza v. Amalgamated Transit Union International*, --- F.4th ----, 2022 WL 1041182 (9th Cir.

27  Apr. 7, 2022), issued after Defendants filed their motion, reinforces the Court's conclusion.

28  *Mendoza* confirmed that an "expansive conception of the 'same party' requirement was rejected

by the Supreme Court in *Taylor*," but that *Adams v. California Department of Health Services*, 487 F.3d 684 (9th Cir. 2007) remains "good law for the particular points" cited in *Mendoza*. *Mendoza*, 2022 WL 1041182, at *4 n.3. Those "particular points" include the adequate representation exception to the rule against nonparty preclusion.

> [A] nonparty is adequately represented in a prior suit when, "at a minimum: (1) the interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty. In addition, adequate representation sometimes requires (3) notice of the original suit to the persons alleged to have been represented."

*Id.* at *6 (quoting *Taylor*, 553 U.S. at 900).

The Ninth Circuit held that, under the "unusual" and "unique" facts at issue, *id.* at *2, *5, the original plaintiff Mendoza's interests aligned with those of the nonparties. Mendoza was the former president of a union local, who challenged the international union's imposition of a trusteeship that removed him and the rest of the local's board. The nonparties were the other board members, who brought the later-filed suit challenging the same trusteeship. Their interests "completely aligned" with Mendoza's because the imposition of the trusteeship "rested dispositively" on misconduct attributed to Mendoza. *Id.* at *6.

> Given that all of the Executive Board Plaintiffs' injuries rested on the validity of the [international union's] findings concerning Mendoza's misconduct, it follows that Mendoza's interests were aligned with those of the Executive Board Plaintiffs when, in *Mendoza I*, he challenged those findings, the resulting imposition of a trusteeship, and the accompanying removal of the entire board.

*Id.*

> Furthermore, because the trusteeship was imposed as a result of Mendoza's malfeasance, as opposed to any wholly independent conduct by other individual Plaintiffs, the Executive Board Plaintiffs' claims necessarily rise and fall with Mendoza's claims—further confirming that their interests are aligned. Indeed, on every cause of action the Executive Board Plaintiffs allege, they are joined together with Mendoza and they seek relief on identical grounds.

*Id.*

Here, the interests of the County and the deputies are not comparably aligned to those of Mendoza and the board members. Plaintiff's claims against the deputies do not "necessarily rise

and fall" with his claims against the County, *id.*, because they are based on different theories and scopes of liability.  The employment relationship is not dispositive; courts have consistently emphasized that Section 1983 claims against municipalities are different in kind than Section 1983 claims against officers employed by those municipalities.  "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dep't of Soc. Servs. of City of N.Y.C.*, 436 U.S. 658, 691 (1978).  "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue."  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  "Municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by city policymakers."  *Id.* at 389 (cleaned up).  Thus, a constitutional violation by its employees does not make a municipality liable; rather, the municipality's own deliberate indifference to constitutional violations is required for liability to attach.  *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021); *see Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 406–07 (1997) ("That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the *employee* acted culpably.").

Even if Plaintiff prevails against the deputies by proving they subjected him to excessive force, he could only have prevailed against the County by proving it had an official policy or custom with a direct causal link to the excessive force at issue.  (*See* Case No. 20-cv-08474-JSC, Dkt. No. 68 (granting summary judgment to County).)  *See Benavidez*, 993 F.3d at 1153; *id.* at 1154 ("[O]ne instance of County employees violating [] constitutional rights . . . is insufficient to demonstrate a custom supporting *Monell* liability.").  Such an official policy or custom would have been "independent conduct" on the part of the County.  *Mendoza*, 2022 WL 1041182, at *6. The County's liability did not "rest[] dispositively" on the deputies' liability.  *Id.*; *see City of Canton*, 489 U.S. at 387 ("Nor, without more, would a city automatically be liable under § 1983 if one of its employees happened to apply the policy in an unconstitutional manner, for liability would then rest on *respondeat superior*.").  Thus, *Mendoza* supports the Court's conclusion

because its unique facts are distinguishable.

* * *

For all these reasons, the Court declines to reconsider its decision not to dismiss Plaintiff's claims against the deputies on the basis of claim-splitting.

## II.     Certification of Interlocutory Appeal

In the alternative, Defendants ask the Court to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b).  As this request was improperly raised in a Civil Local Rule 7-9 motion for leave to file a motion for reconsideration, rather than a separately noticed motion as required by Civil Local Rule 7-2, Plaintiff was not given the opportunity to respond and the Court did not have the benefit of a fully-briefed motion.  If Defendants wish to pursue an interlocutory appeal, then they should file a properly noticed motion.

## CONCLUSION

Defendants' motion for leave to file a motion for reconsideration is DENIED.  Their request for certification of interlocutory appeal is DENIED without prejudice.

This Order disposes of Docket No. 31.

**IT IS SO ORDERED.**

Dated: April 13, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

5