UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE PUMPHREY,<br>　　　　Plaintiff,<br>　　v.<br>BRANDON BATTLES, et al.,<br>　　　　Defendants. | Case No. 21-cv-09005-JSC<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 48 |

This dispute raises a novel question of law. 42 U.S.C. § 1983 does not contain a statute of limitations. When a federal civil rights statute does not include its own statute of limitations, federal courts borrow the forum state's limitations period for personal injury torts. *Bonneau v. Centennial Sch. Dist. No. 28J,* 666 F.3d 577, 580-581 (9th Cir. 2012). Federal courts also borrow "closely related" state law tolling rules. *Id.* Here, the Court must determine "how much . . . state law should be borrowed." *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002). Specifically, the Court must decide whether to borrow a tolling rule ("Emergency Rule 9") issued by the Judicial Council of California in response to the COVID-19 pandemic.[1] If federal law borrows Emergency Rule 9's tolling provision, Plaintiff timely filed his complaint. If not, Plaintiff filed after the statute of limitations expired. Defendants move for summary judgment on the latter theory. But the question is unresolved in the Ninth Circuit and is largely a matter of first impression.[2]

After carefully considering the briefing and having had the benefit of oral argument on January 26, 2023, the Court DENIES Defendants' motion for summary judgment. The Court

---

[1] *See* Judicial Council of Cal., Emergency Rules Related to COVID-19, available at https://www.courts.ca.gov/documents/appendix-i.pdf

[2] One other district court has found Emergency Rule 9 applies. *See Porter v. Yuba City Police Officers Hansen*, 2022 WL 1460124, at *2 (E.D. Cal. May 9, 2022) (deciding, without lengthy analysis, that Emergency Rule 9 is borrowed for § 1983 claims).

1   borrows state law as it pertains to tolling for § 1983 claims. Emergency Rule 9 is state law that
2   broadly tolled all civil statutes of limitations. So, the Court borrows and applies Emergency Rule
3   9 here. Under that rule, Plaintiff filed the complaint within the statute of limitations.

## BACKGROUND

### I. Timeline of Events

The following points are undisputed. The events underlying Plaintiff's lawsuit occurred on June 8, 2019. Plaintiff filed this action in federal district court under 42 U.S.C. § 1983 on November 20, 2021. California's two year limitations period for personal injury torts governs the § 1983 claims here. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (citing Cal. Civ. Code § 335.1). Thus, because Plaintiff's claims accrued on June 8, 2019, and a two-year statute of limitations governs Plaintiff's claims, Plaintiff's claims would have expired on June 8, 2021, under normal circumstances. (*See* Dkt. Nos. 50, 51.) The only remaining question is one of law: whether the statute of limitations for Plaintiff's § 1983 actions was tolled such that Plaintiff's claims were timely filed in November 2021.

### II. Emergency Rule 9

In May 2020, the Judicial Council of California ("JCC") promulgated emergency rules because of the COVID-19 pandemic. *See* Judicial Council of Cal., Emergency Rules Related to COVID-19, available at https://www.courts.ca.gov/documents/appendix-i.pdf. Emergency Rule 9 states: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020" and "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that are 180 days or less are tolled from April 6, 2020, until August 3, 2020." *Id.* By its terms, Emergency Rule 9 tolled the statute of limitations for civil causes of action (with limitations periods longer than 180 days) for 179 additional days (the number of days from April 6, 2020 through October 1, 2020).

Plaintiff's § 1983 claims have a statute of limitations that exceeds 180 days. *See* Cal. Civ. Code § 335.1. And the relevant tolling period occurred after Plaintiff's claims accrued but before the two-year statute of limitations expired. So, if Emergency Rule 9 applies here, Plaintiff had

until June 8, 2021, *plus 179 days* (i.e., December 4, 2021) to file his complaint.

**DISCUSSION**

Defendant argues California's Emergency Rule 9 does not apply here. The Court disagrees. Federal law borrows state law tolling rules under § 1983. Emergency Rule 9 is state law broadly tolling all statutes of limitations. Thus, Emergency Rule 9 applies and Plaintiff's complaint was timely filed.

**I.     Tolling and 42 U.S.C. § 1983**

   **A.     The Borrowing Framework**

Section 1983 does not contain its own statute of limitations. *Butler*, 766 F.3d at 1198. 42 U.S.C. § 1988 "quite clearly instructs federal courts to refer to state statutes when federal law provides no rule of decision for actions brought under § 1983." *Bd. of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 484 (1980) (quoting *Robertson v. Wegmann*, 436 U.S. 584, 593 (1978)). More precisely, Section 1988 provides:

> [I]n all cases where [provisions of this Title] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, **the common law, as modified and changed by the constitution and statutes of the State** wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is **not inconsistent with the Constitution** and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause . . . .

42 U.S.C. § 1988. This borrowing scheme applies to both state statutes of limitations *and* "coordinate tolling rules," so long as such rules are not "inconsistent with federal law." *Tomanio*, 446 U.S. at 484-485. So, for § 1983 claims, federal courts borrow both limitations periods and tolling rules from state law because the generosity of one affects the other. *See TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999) (citing *Hemmings v. Barian*, 822 F.2d 688, 689 (7th Cir.1987)).

But "reliance on state law in this context is not unlimited." *Id.* Two principles cabin how federal courts borrow state law to "fill the gap" in federal law under § 1988. *See Silva v. City of New Bedford*, 602 F. Supp. 3d 186, 197 (D. Mass. 2022). First, federal courts should "borrow no more [state law] than necessary when using a state statute of limitations and its related tolling

3

provisions to implement federal statutory law." *TwoRivers*, 174 F.3d at 992 (citing *West v. Conrail*, 481 U.S. 35, 39-40 (1987)). And second, federal courts must consider whether the borrowed state law is inconsistent with federal law. *Tomanio*, 446 U.S. at 484-485.

This borrowing scheme means Defendants' argument—federal courts may not apply the JCC's procedural rules—is inapposite. Each case Defendants cite addressed a federal law that has its own statute of limitations period. *See*, *e.g.*, *Goerss v. Pac. Gas & Elec. Co.*, No. 21-CV-04485-EMC, 2021 WL 4932134 (N.D. Cal. Oct. 18, 2021) (finding Emergency Rule 9 does not toll claims under Title VII or ADA); *Sholes v. Cates*, No. 1:21-CV-01006-DAD-HBK, 2021 WL 5567381 (E.D. Cal. Nov. 29, 2021*), report and recommendation adopted*, No. 1:21-CV-01006-ADA-HBK-HC, 2022 WL 4072862 (E.D. Cal. Sept. 2, 2022) (finding Emergency Rule 9 does not toll statute of limitations under AEDPA). Unlike the statutes considered in Defendants' cited authority, § 1983 contains no such limitations period. Instead, as discussed above, § 1983 *borrows* from state law. So, Defendants' argument fails because the Court is not deciding whether to *apply* state procedural rules here; rather, the Court applies federal law that borrows its substance from state law. *See TwoRivers*, 174 F.3d at 993 (noting "when a federal court borrows a state limitations period [or tolling period] in connection with a federal statute without its own statute of limitations, the court is applying federal, not state law.")

### B. Application

Applying the borrowing framework here, the Court must answer two questions: (1) whether the borrowing framework encompasses Emergency Rule 9, and, if so, (2) whether Emergency Rule 9 is consistent with federal law. Because the Court answers both questions in the affirmative, Emergency Rule 9 applies here. Thus, Plaintiff's claim was timely filed.

#### 1. Whether the Borrowing Framework Encompasses Emergency Rule 9

The threshold question in the borrowing analysis considers whether Emergency Rule 9 falls within the ambit of § 1988. Under § 1988, "[o]nly the length of the limitations period, and closely related questions of tolling and application are to be governed by state law." *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Interpreting this rule, the Ninth Circuit has held:

4

> The tolling rules that we take from state law, consistent with *Wilson*, are broad tolling rules. Such rules include a would-be litigant's incapacity, *see TwoRivers v. Lewis*, 174 F.3d 987 (9th Cir. 1999) (incarceration); *Ormiston v. Nelson*, 117 F.3d 69, 72 n. 3 (2d Cir. 1997) (insanity), the pendency of other proceedings, *see Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), and equitable tolling, *see Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001).

*Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) (finding Federal Rule of Civil Procedure 3, not state law, governs the "tolling rule" for when a § 1983 action is commenced in federal district court). Thus, under *Sain*, federal district courts borrow tolling rules if (i) the rule is "state law" and (ii) the tolling rule is "closely related" to the statute of limitations. *Id.* Emergency Rule 9 meets both criteria.

### i. Emergency Rule 9 is State Law.

The Judicial Council of California is a creature of the California Constitution. Cal. Const. art. VI, § 6. The rules it adopts "have the force of law." *California Ct. Reps. Assn. v. Jud. Council of California*, 39 Cal. App. 4th 15, 22 (1995) (collecting cases). Defendants argue JCC rules are court administration rules, not "law." (Dkt. No. 51 at 2.) But section 1988 makes no such distinctions in its instruction to borrow "the common law, as modified and changed by the constitution and statutes of the State." 42 U.S.C. § 1982. The Court declines to "split hairs over sources of state law." *Silva v. City of New Bedford*, 602 F. Supp. 3d 186, at 197 (D. Mass. 2022) ("Defendants offer no authority to support their claim that orders issued by a state's highest court are so distinct from state common law and statutory law that they fall outside the reach of section 1988.") Any such distinction would frustrate a state's wisdom in "setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim." *Tomanio*, 446 U.S. at 485-486. Emergency Rule 9 has the force of law in California, so it falls under § 1988. That a court body enacted the rule, rather the legislature, is not dispositive. *See also Silva*, 602 F. Supp. 3d 186, at 197 (determining, in a lengthy and well-reasoned opinion, that federal law borrows the Massachusetts Supreme Judicial Court's COVID-19 tolling order for § 1983 claims); *Tran v. Cnty. of Douglas*, No. CV 21-2310-KHV, 2021 WL 5505455, at *5 (D. Kan. Nov. 24, 2021) (same re:

5

the Kansas Supreme Court's COVID-19 tolling order).³

### ii. Emergency Rule 9 is a "closely related," broadly applicable tolling rule.

When a federal court borrows a state law statute of limitations, only "closely related" tolling rules follow. *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) (quoting *Wilson*, 471 U.S. at 269). In *Sain*, the Ninth Circuit explained federal courts take "broad" tolling rules from state law, such as incapacitation, the pendency of other proceedings, and equitable tolling. *Id.* But, according to the *Sain*, rules governing when an action commences are not tolling rules "closely related" to statutes of limitations and should not be borrowed in federal court. *Id.* (finding Fed. R. Civ. P. 3 governed commencement of actions, not the state procedural rule governing the same topic). The Ninth Circuit elaborated on *Sain* in *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (9th Cir. 2012). *Bonneau* held an Oregon statute, which allowed victims of child abuse to bring claims before age 40, did not toll the statute of limitations under § 1983. *Id.* The panel explained:

> The tolling rule must be "closely related" to the borrowed statute of limitation. *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir.2002). It would no less frustrate "the federal interest in uniformity and the interest in having firmly defined, easily applied rules" were we to obediently apply the residual statute of limitations, only to then adopt a tort-specific tolling provision. *Wilson*, 471 U.S. at 270, 105 S.Ct. 1938 (internal quotation marks omitted). Such a holding "would succeed only in transferring the [ ] confusion over the choice among multiple [statutes of limitations] to a choice among multiple [tolling] provisions." *Owens*, 488 U.S. at 244, 109 S.Ct. 573.

*Id.* Taken together, these cases stand for two related propositions. First, a "closely related" tolling provision must be, in fact, a tolling provision. *See Sain*, 309 F.3d at 1138 (finding a procedural rule regarding when an action commencing is not a "closely related" tolling provision). And second, the tolling rule must be "broad," *id.*, not "tort-specific," *see Bonneau*, 666 F.3d at 580.

---

³ Courts considering whether to borrow tolling orders enacted via executive order have reached the same result. *See*, *e.g.*, *Mackey v. Rising*, No. 20-13408, 2021 WL 4034226, at *2 (E.D. Mich. Sept. 3, 2021) (finding Michigan executive orders issued during pandemic toll statute of limitations in Section 1983 action); *Lewis v. Westchester Cty.*, No. 20 CV 9017 (VB), 2021 WL 3932626, at *2 (S.D.N.Y. Sept. 2, 2021) (finding New York Executive Order tolled Section 1983 claims for unreasonable and excessive force, cruel and unusual punishment, and false arrest).

Emergency Rule 9 again meets both criteria. The rule explicitly tolled civil claims during the period relevant here. And the rule was not "tort-specific." *Id.* Indeed, the advisory committee notes accompanying the rule explain the rule was intended "to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action." *See* Judicial Council of Cal., Emergency Rules Related to COVID-19. Thus, Emergency Rule 9 falls within the ambit of § 1988's borrowing scheme.

Defendant argues Emergency Rule 9 should not apply because federal courts remained open during the relevant period and Plaintiff actively litigated a related federal case arising from the same incident during that period. This argument misses the mark because it confuses tolling under Emergency Rule 9 with a form of equitable tolling. The JCC may have had equitable concerns in mind when it enacted Emergency Rule 9. But Emergency Rule 9 is a broad, bright-line tolling rule that applied to all civil causes of action during the relevant period; it is not dependent on the nature of a plaintiff's claim or their conduct during litigation.

### 2. Whether Emergency Rule 9 is Consistent with Federal Law

Emergency Rule 9 is also consistent with the core aims underlying § 1983: compensation and deterrence. *Robertson*, 436 U.S. at 590-91 (describing § 1983's core goals); *Tomanio*, 446 U.S. at 488-92 (same). A tolling rule which "enhances" a plaintiff's "ability to bring suit and recover damages for injuries" facilitates rather than frustrates the underlying policy of compensation. *Silva*, 602 F. Supp. 3d at 197 (D. Mass. 2022) (quoting *Hardin v. Straub*, 490 U.S. 536, 543 (1989)). Likewise, tolling rules "do not frustrate the goal of deterring constitutional torts" because "expanding the period of liability merely heightens the chance the official will be called to account for it." *Id.* While uniformity is an aim underlying federal civil rights law, *Bonneau*, 666 F.3d at 580, § 1988 contemplates non-uniformity in its call to borrow state law principles. Thus, that states might adopt different tolling provisions is not "inconsistent" with federal law. *See* Robertson, 436, U.S. at 593 n.11 ("This statutory reliance of state law obviously means that there will not be nationwide uniformity on these issues.")

Moreover, because § 1983 provides concurrent jurisdiction between the state and federal courts, *Lewis v. Eng.*, 739 F. App'x 458, 460 (9th Cir. 2018), applying the same tolling rule in

7

both forums avoids a different form of disunity. To not borrow Emergency Rule 9 as Defendants urge means the statute of limitation outcome would be different for a § 1983 claim in state court than a § 1983 filed in federal court with exactly the same facts. And, what about a § 1983 claim removed to federal court from state court? Does Emergency Rule 9 apply to that claim? Thus, applying Emergency Rule 9 regardless of whether the § 1983 claim was filed in California state or California federal court is consistent with the federal law principles underlying § 1983. *See Bonneau*, 666 F.3d at 580 (describing a federal interest in having "firmly defined and easily applied rules" under § 1983).

* * *

So, in sum, the JCC's Emergency Rule 9 tolled the statute of limitations for Plaintiff's claims until December 2021. Plaintiff filed this complaint in November 2021. Thus, Defendants' motion for summary judgment fails.

## CONCLUSION

Because Plaintiff timely filed the complaint, Defendants' motion for summary judgment is DENIED.

**IT IS SO ORDERED**

This Order disposes of Dkt. No. 48.

Dated: February 3, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge