UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE PUMPHREY,<br><br>    Plaintiff,<br><br>    v.<br><br>BRANDON BATTLES, et al.,<br><br>    Defendants. | Case No. 21-cv-09005-JSC<br><br>**ORDER DENYING CERTIFICATION FOR INTERLOCUTORY REVIEW**<br><br>Re: Dkt. No. 54 |

This civil rights case ("*Pumphrey II*") arises from Defendants' detention of Plaintiff at Martinez Jail on June 8, 2019.[1] (*See* Dkt. No. 3.) Defendants request the Court certify two orders for interlocutory review. First, Defendants seek to appeal the Court's order granting in part and denying in part Defendants' motion to dismiss the first amended complaint ("FAC").[2] Second, Defendants seek review of the Court's order denying Defendants' motion for summary judgment. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Defendants' motion.

**DISCUSSION**

Generally, the United States Courts of Appeals have jurisdiction over appeals from "final decisions of the district courts." *See* 28 U.S.C. § 1291. Congress created an exception to that final-judgment rule, however, in 28 U.S.C. § 1292(b). "Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the

---

[1] Record citations are to material in the Electronic Case File ("ECF") for *Pumphrey II*, No. 21-cv09005-JSC, unless otherwise indicated; pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Defendants previously sought certification to file for interlocutory appeal of the motion to dismiss order within a motion to reconsider that order. (Dkt. No. 31.) That request was denied because Defendants failed to file the request as a separate motion. (Dkt. No. 32.)

district court and the court of appeals." *In re Cement Antitrust*, 673 F.2d 1020, 1025–26 (9th Cir. 1982) (en banc).

Certification of a non-appealable order under section 1292(b) is appropriate where the order (1) "involves a controlling question of law[;]" (2) "as to which there is a substantial ground for difference of opinion[;]" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *See* 28 U.S.C. § 1292(b); *see also In re Cement*, 673 F.2d at 1026. District courts have wide discretion whether to permit such appeals. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995). And precedent counsels "section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement*, 673 F.2d at 1027.

Certification is not warranted here. In particular, Defendants fail to persuade the Court there exists "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). A "substantial ground for difference of opinion" exists when a court's decision "involves an issue over which reasonable judges might differ and such uncertainty provides a credible basis for a difference of opinion." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (internal quotations and citation omitted). As to the motion to dismiss, the Court's reasoning in its Order Denying Reconsideration, (Dkt. No. 32), still holds force. Defendants fail to cite contrary authority not addressed in that decision and do not meaningfully distinguish this case from the analysis in that Order.[3]

As to the Court's summary judgment order, (Dkt. No. 53), Defendants again fail to cite any authority contrary to the Court's ruling. Novel questions of law and matters of first impression can be good candidates for interlocutory review when reasonable minds could disagree. *Reese v.*

---

[3] In addition, Defendants fail to persuade the Court this 11-month belated second request is timely under 28 U.S.C. § 1292(b). That statute requires district courts to decide whether an "*immediate* appeal from the order" would materially advance the ultimate termination of litigation. While the statute contains no explicit timeline, Defendants cite no case where such an untimely motion to certify has been granted. Rather, Defendants argue only that the *initial* motion to certify was timely and that they delayed refiling in order to file a summary judgment motion. That strategic decision does not make the delay here reasonable. *See Scholl v. United States*, 68 Fed. Cl. 58, 60 (2005) ("Unreasonable delay constitutes sufficient cause to deny a motion and a judge should not grant an inexcusably dilatory request.") (cleaned up).

*BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). But Defendants also fail to provide any persuasive argument as to why reasonable minds might disagree regarding Emergency Rule 9's force here. Instead, Defendants repeat their same summary-judgment argument that "California Rules of Court . . . do not apply to the administration of federal court cases." (Dkt. No. 57 at 5.) As discussed at length in the Court's previous order, that argument is unpersuasive because Defendants overlook the borrowing scheme under 42 U.S.C. § 1988, which specifically requires federal courts to borrow state law tolling rules. (*See* Dkt. No. 53.)

Finally, given trial is imminent, the Court is not persuaded an interlocutory appeal would materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). Thus, Defendants' request to certify an interlocutory appeal fails.

**CONCLUSION**

Defendants' motion for certification of appealability is DENIED. The hearing scheduled for March 9, 2023 is VACATED. Due to the Court's unavailability, jury selection is now set for July 10, 2023. Jury trial is set for July 10, 2023 to July 14, 2023 in San Francisco, Courtroom 8, 19th Floor. The pretrial conference shall remain set for June 1, 2023 at 2:00 p.m. in San Francisco, Courtroom 8, 19th Floor. All deadlines associated with the pretrial conference shall remain the same. (*See* Dkt. No. 30.)

**IT IS SO ORDERED.**

Dated: March 3, 2023

JACQUELINE SCOTT CORLEY
United States District Judge