UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE PUMPHREY,<br><br>  Plaintiff,<br><br>  v.<br><br>BRANDON BATTLES, et al.,<br><br>  Defendants. | Case No. 21-cv-09005-JSC<br><br>**ORDER FOLLOWING PRETRIAL CONFERENCE** |

After conducting the pretrial conference on June 1, 2023, the Court orders as follows:

**I.   MOTIONS IN LIMINE**

   **A.   Plaintiff's Motions**

      **1.   Plaintiff's Prior Conduct**

Plaintiff moves to exclude references to his prior arrest history and criminal convictions. Defendants oppose, arguing the prior convictions are relevant and admissible on the issue of Plaintiff's credibility. Plaintiff's motion is GRANTED in part and DENIED in part.

Rule 609(a) provides a party may attack a witness's character for truthfulness by evidence of a criminal conviction:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>   (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
>   (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the

elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.

Fed. R. Evid. 609.  Rule 609(b) limits evidence of convictions "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later" unless the "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect[.]"  In addition, Rule 403 provides the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Applying these principles here, Defendants may introduce Plaintiff's 2014 conviction for assault by means likely to produce great bodily injury under California Penal Code § 245(a)(1). This conviction falls squarely within Rule 609(a)(1)(A).  Plaintiff states this conviction should be barred under Rule 403 because it has minimal probative value and may risk unfair prejudice against him.  (Dkt. No. 86 at 3.)  But Plaintiff provides no explanation, argument, or caselaw to support that position.  (*Id.*)  Thus, Plaintiff's motion to exclude this conviction is DENIED.

However, Defendants may not introduce Plaintiff's DUI convictions from 2016 and 2014. Both convictions were misdemeanors.  So, the misdemeanor DUIs do not fall within Rule 609(a)(1)'s requirement that the conviction be "punishable by imprisonment for more than one year."  Nor does Rule 609(a)(2) apply to this offense given DUIs do not require proving a dishonest act or false statement. Thus, Plaintiff's motion to exclude the DUIs is GRANTED.

Defendants also seek to introduce convictions older than 10 years.  But Defendants do not explain—with "specific facts and circumstances"—the probative value for Plaintiff's older convictions and how that probative value substantially outweighs the convictions' prejudicial effect.  Fed. R. Evid. 609(b).  Thus, Plaintiff's motion to exclude the older convictions is also GRANTED.

### 2. Plaintiff's Arrest

Plaintiff moves to exclude "evidence and argument regarding Plaintiff's interaction with and subsequent arrest by the Pittsburg police officers on the date of the incident and the charges stemming from this arrest." (Dkt. No. 87.)  Defendants do not oppose.  The motion is GRANTED.

### B. Defendants' Motions

#### 1. Defendants' Prior Incidents and Negative Background Information

Defendants move that "[a]ny and all evidence of other incidents, including, but not limited to other citizen complaints, internal investigations, personnel issues, disciplinary actions, lawsuits, verdicts and/or other police investigations regarding Defendants, unrelated to the incident in this case, should be excluded." (Dkt. No. 76 at 6.) Plaintiff has not proffered any relevant, admissible evidence as to Defendants' prior incidents or behavior. Therefore, Defendants' motion is GRANTED.

#### 2. References to Local or National Media of Use of Force Incidents

Defendants move to exclude any references to police use of force nationwide. This includes "recent reporting on Contra Costa County Sheriff's Office's ("CCCSO") use of force." (Dkt. No. 77 at 2.) Defendants request this prohibition begin with voir dire and extend throughout the trial. (*Id.*) Plaintiff objects such references are "relevant to this matter regarding the conditions that are taking place in our society that any individual who is keeping up with the news at any given time is already aware of." (Dkt. No. 82 at 2.)

Defendants' motion is GRANTED as to trial, including during opening and closing arguments. Such statements are not probative as to whether Defendants violated Plaintiff's rights. *See* Fed. R. Evid. 401. Defendants' motion is DENIED as to voir dire. As the parties' joint voir dire submissions show, such topics are relevant to voir dire. (*See* Dkt. No. 71.)

#### 3. References to the Lawfulness of Plaintiff's Arrest and Detention

Defendants move the Court to instruct the jury "that Plaintiff was lawfully detained by Pittsburg police officers and/or that the issue of the detention/arrest is not for the jury's determination, so there is no implication otherwise by Plaintiff to the jury." Plaintiff does not oppose. The motion is GRANTED. The parties shall meet and confer as to the form of a stipulated jury instruction.

#### 4. Evidence of Undisclosed Medical Care

Defendants move to exclude evidence of any undisclosed medical care. (Dkt. No. 79.) According to Defendants, "Plaintiff's initial disclosures failed to disclose any alleged injuries,

3

1  medical treatment, medical facilities, treating physicians or medical expenses. His discovery
2  responses also failed to disclose any medical expenses. Any evidence of nondisclosed medical
3  care and expenses should be excluded from trial." (*Id.* at 4.)  At the hearing, Plaintiff affirmed he
4  does not intend to introduce any evidence of medical bills.  Thus, this motion is GRANTED.

### 5. Evidence of Undisclosed Wage Loss

Defendants move to exclude evidence of wage loss as "Plaintiff's initial disclosures failed to disclose any lost wages related to this incident. Additionally, Plaintiff's discovery responses also failed to disclose any lost wages." (Dkt. No. 80 at 4.)  Plaintiff does not oppose.  This motion is GRANTED.

## II. Exhibits

Defendants seek to introduce photos of Bruce Atkins. Atkins was in the Martinez Detention Facility at the same time as Plaintiff during the events in question here.  Defendants allege Plaintiff engaged in a physical fight with Atkins before the use-of-force at issue in this case.

Plaintiff objects to Defendants' Exhibit 31.  That exhibit contains photos of Atkins' injuries.  Because the photos are graphic, Plaintiff objects these exhibits could be unfairly prejudicial if shown to the jury.  Defendants argue the photos are relevant because a jury could find Atkins caused Plaintiff's injuries, not Defendants.  So, the extent of Atkins' injuries is relevant to the nature of his fight with Plaintiff.

Defendants are correct.  Whether Atkins received injuries from someone other than Plaintiff is a topic for cross-examination.  Plaintiff's objection is noted and OVERRULED.

## III. Trial Schedule

As previously discussed, the Court anticipates the trial schedule will be as follows:

| | |
|---|---|
| Monday, July 10, 2023: | 8:30 a.m. to 3:00 p.m. |
| Tuesday, July 11, 2023: | 8:30 a.m. to 3:00 p.m. |
| Wednesday, July 12, 2023: | 8:30 a.m. to 3:00 p.m. |
| Thursday, July 13, 2023: | 8:30 a.m. to 1:30 p.m. (no lunch break) |
| Friday, July 14, 2023: | 8:30 a.m. to 1:30 p.m. (if needed) |

Counsel and the parties should arrive by 8:15 a.m. each day to address any legal issues

4

with the Court outside the presence of the jury.

Jury selection will occur on Monday, July 10, 2023. Eight jurors will be seated; all will deliberate. The Court will advise the venir that the parties intend for them to get the case the week of July 10, but that we want to confirm that all are available through July 17, 2023. After excusing jurors due to hardships, the Court will seat 20 jurors in and near the jury box. Each party will have 20 minutes to question the potential jurors. The parties and the Court will then address for cause challenges and peremptory challenges at sidebar.

Prior to the trial, the parties should coordinate with Ms. Means to schedule an in-person technology test to ensure all audio-visual presentations operate smoothly during trial.

**IT IS SO ORDERED.**

This Order disposes of Dkt. Nos. 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87

Dated: June 2, 2023

JACQUELINE SCOTT CORLEY
United States District Judge